# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DUSTIN THOMAS HOUSE DARDEN,<br><br>                Plaintiff,<br><br>                v.<br><br>CROWD MANAGEMENT SERVICES,<br><br>                Defendant. | Case No. 3:23-cv-00153-SLG |

## ORDER RE ALL PENDING MOTIONS

Before the Court at Docket 12 is Defendant Crowd Management Services' ("CMS") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Dustin Thomas House Darden, responded at Docket 53 and CMS filed a reply at Docket 56. Also before the Court are Mr. Darden's motion for default judgment,[1] media request,[2] motion to file medical records under seal,[3] motion to submit flash drives,[4] request for access to the Court law library,[5] motion to amend

---

[1] Docket 14. *See also* Docket 18 (CMS's response), 21 (Darden's reply).

[2] Docket 17. *See also* Docket 19 (CMS's response).

[3] Docket 28. *See also* Docket 33 (CMS's response).

[4] Docket 29. *See also* Dockets 32 (CMS's response), 46 (Darden's reply noting that he submitted a DVD to the Court containing the same materials).

[5] Docket 30. *See also* Docket 34 (CMS's response).

the complaint,[6] and motions to discover evidence.[7] Mr. Darden requested oral argument[8] but oral argument is not necessary for the Court's determination. The Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3) because Mr. Darden is seeking to raise causes of action arising under 42 U.S.C. § 1983.

## LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To determine whether a complaint states a valid claim for relief, a court considers whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[10] Moreover, when granting a motion to dismiss, a court is generally required to grant the plaintiff leave to amend, unless amendment would be futile.[11]

---

[6] Docket 35. *See also* Docket 44 (CMS's response).

[7] Docket 38, 52. *See also* Docket 45, 55 (CMS's responses), 47 (Darden's reply to Docket 45).

[8] Docket 54.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."[12]

## A.    42 U.S.C. § 1983

### 1.  The State Actor Requirement

Mr. Darden's claims arose after CMS employees allegedly confronted him at the Palmer, Alaska state fairgrounds, took a bag he was holding, grabbed his arm, and threw him on the ground.[13]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[14]  The state action requirement generally excludes recovery

---

[12] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

[13] Docket 6 at 3-4.  Mr. Darden's proposed amended complaint is not factually different from his initial complaints at Dockets 1 and 6.  *See* Docket 35-1 (a page-by-page line-edited comparison of Mr. Darden's complaint at Docket 6 and proposed amended complaint).  CMS asserts that Mr. Darden's proposed amended complaint "lists only CMS . . . as the defendant and asserts a claim of conspiracy against rights."  Docket 56 at 2.  That is correct with respect to the case caption.  Indeed, the docket reflects that the clerk's office staff terminated all the individual CMS employee defendants when Mr. Darden filed the amended complaint on July 21, 2023.  However, Mr. Darden's proposed amended complaint still names two unidentified CMS employees as defendants in the body of the complaint, and lists CMS itself as the third defendant.  Docket 35-1 at 2.  And Mr. Darden's legal claims are unchanged.  Docket 35-1 at 4-10.  Accordingly, the deficiencies identified by the Court in this order are found in both the initial complaints and the proposed amended complaint at Docket 35-1.

[14] *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1121 (9th Cir. 2022) (holding union for state employees not a state actor when it provided list of employees who had authorized union dues deductions from their paychecks).

under Section 1983 for "merely private conduct, no matter how discriminatory or wrongful."[15]

To state that a defendant acted under color of state law, a complaint must allege facts that, if proven, would demonstrate that the defendant acted with state authority as a state actor.[16] When a plaintiff asserts that a private actor qualifies as a state actor under § 1983, a court looks to two requirements that the plaintiff must show that the private actor meets: (1) the state policy requirement; and (2) the state actor requirement.[17] Under the first requirement, the question is whether the claimed constitutional deprivation resulted from the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible.[18] Under the second requirement, courts generally use one of four tests outlined by the Supreme Court to examine "whether the party charged with the deprivation could be described in all fairness as a 'state

---

[15] *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

[16] *Wright,* 48 F.4th at 1121.

[17] *Id.*

[18] *Id.* at 1121-22

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re All Pending Motions
Page 4 of 12

actor.'"[19] Those tests are the public function test, the joint action test, the state compulsion test, and the governmental nexus test.[20]

Here, Mr. Darden's initial complaints fail to allege sufficient facts that, if proven, would demonstrate that CMS employees were acting as state actors at the time of the incident.[21] CMS is a private company, not a state entity.[22] The Alaska State Fair, which operates on the Palmer fairgrounds, is a non-profit corporation.[23] Mr. Darden's complaint does not otherwise assert any involvement by a state employee to ratify, condone, or instigate the alleged constitutional violations. While Mr. Darden is correct that an actor does not need to be a member of law enforcement to be considered a state actor,[24] the complaint does not explain how

---

[19] *Id.* at 1122 (quoting *Ohno v. Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013)).

[20] *Id. See also Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742 (9th Cir. 2020).

[21] *See* Docket 12 at 6 (CMS's Mot. to Dismiss arguing that Mr. Darden has not alleged that CMS or its employees were "State agents, or that their acts were ratified, condoned, or instigated by the State").

[22] *See* Docket 56 at 2 (noting that "[CMS] is a private security company which provided security services at the Alaska State Fair").

[23] The Court takes judicial notice of public Alaska state records showing that the Alaska State Fair, Inc., the operator of the Alaska State Fair at the Palmer, Alaska, fairgrounds, has been registered as a non-profit corporation since 1959. Search Corporations Database, State of Alaska Department of Commerce, Community, and Economic Development, https://www.commerce.alaska.gov/cbp/main/Search/Entities (search "Alaska State Fair, Incorporated" in "Entity Name"; then follow "4320D" hyperlink). *See* Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (holding that courts may take judicial notice of undisputed matters of public record).

[24] Docket 53 at 15.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re All Pending Motions
Page 5 of 12

CMS or its employees could satisfy the state policy and state actor requirements outlined above. Accordingly, Mr. Darden's complaint fails to state a viable claim satisfying the first element required under 42 U.S.C. § 1983.

## 2. The Deprivation of a Constitutional Right Requirement

The Court now turns to the second requirement to state a cause of action under Section 1983: A plaintiff must plausibly allege facts that a defendant deprived him of a right secured by the federal constitution.

*a. Claim 1—First Amendment*

Mr. Darden alleges that CMS and its employees infringed his First Amendment free speech rights when CMS employees allegedly confronted him and took him to the ground while he "was documenting . . . experimental gen[e] therapy injections."[25] While Mr. Darden was on the ground, CMS employees allegedly sat on his back making it difficult and then impossible for him to speak.[26]

To state a First Amendment violation, a citizen plaintiff must allege facts that, if proven, would show that, "by his actions [a state actor] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating

---

[25] Docket 6 at 3.

[26] Docket 6 at 4.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re All Pending Motions
Page 6 of 12

factor in [the defendant's] conduct."[27] A plaintiff need not prove, however, that "his speech was actually inhibited or suppressed."[28]

Mr. Darden's initial complaints fail to allege facts that, if proven, would establish that a state actor violated Mr. Darden's First Amendment right to free speech. However, if Mr. Darden is able to establish the first requirement discussed above—that CMS employees should be considered as state actors—he might be able to state a viable First Amendment claim. Therefore, Claim 1 is dismissed without prejudice; the Court will grant leave to file an amended complaint as to this claim as further explained below.

### b. Claim 2—Eighth Amendment

Mr. Darden asserts a claim for cruel and unusual punishment under the Eighth Amendment.[29] However, the Eighth Amendment's protection against cruel and unusual punishment applies only to convicted prisoners.[30] Because Mr. Darden does not allege harm arising from a criminal conviction, he fails to state an Eighth Amendment cruel and unusual punishment claim. Further, granting Mr.

---

[27] *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 917 (9th Cir. 2012) (quoting *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999)).

[28] *Mendocino Env't Ctr.*, 192 F.3d at 1300.

[29] Docket 6 at 9.

[30] *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re All Pending Motions
Page 7 of 12

Darden leave to file an amended complaint as to that claim would be futile. Therefore, Claim 2 is dismissed with prejudice.

   c. *Claim 3—Fourth Amendment*

Mr. Darden asserts that when CMS employees took his bag without his consent, they committed an unconstitutional search and seizure.[31] The Fourth Amendment guarantees individuals the right to be free from unreasonable seizure of their personal property. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."[32] A plaintiff must plead the following elements to sufficiently plead a property seizure claim: (1) a state actor defendant seized plaintiff's property; (2) that defendant acted intentionally; and (3) the seizure was unreasonable.

As discussed above, Mr. Darden's initial complaints fail to allege facts that, if proven, would establish that a state actor violated Mr. Darden's Fourth Amendment right to be free from unreasonable seizure of his property. However, if Mr. Darden is able to plausibly allege facts that, if proven, would demonstrate that CMS employees should be considered state actors—he might be able to state a viable First Amendment claim. Therefore, Claim 3 is dismissed without

---

[31] Docket 6 at 10.

[32] *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027, 1030-33 (9th Cir. 2012) (recognizing homeless person's possessory interest in property left temporarily unattended, even if person was in violation of city ordinance).

prejudice; the Court will grant leave to file an amended complaint as to this claim as further explained below.

**B.    18 U.S.C. § 241**

Mr. Darden's initial complaints cite to 18 U.S.C. § 241.[33] This is a federal criminal statute that provides for the prosecution of individuals who conspire against a person's federal rights.[34] "[That] criminal provision[], however, provide[s] no basis for civil liability,"[35] meaning a private citizen cannot maintain a civil claim against another individual or entity under this statute. Accordingly, Mr. Darden cannot state a claim for relief under § 241 and permitting amendment for him to attempt to do so would be futile. Therefore, Mr. Darden's attempt to state such a claim is dismissed with prejudice.

**C.    Conclusion and Order**

Mr. Darden will be accorded an opportunity to file a second amended complaint in an attempt to adequately plead state actors committed First and Fourth Amendment violations. An amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[36]

---

[33] Docket 6 at 1.

[34] 18 U.S.C. § 241.

[35] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

[36] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re All Pending Motions
Page 9 of 12

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[37] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[38] An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that a plaintiff is alleging has occurred to him, (2) when that injury occurred, (3) where that injury was caused, and (4) who he is alleging caused that specific injury to him. An amended complaint should not contain a narrative and it should not contain or have attached to it medical records or other documentation.

Further, tort claims against non-state actors, such as an assault claim seeking damages, are most typically addressed in the Alaska state courts. The statute of limitations for personal injury tort claims in Alaska is two years.[39]

**IT IS THEREFORE ORDERED:**

---

[37] *Ashcroft*, 556 U.S. 662 at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

[38] *Id.* (internal citations and quotations omitted).

[39] Alaska Stat. § 09.10.070.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re All Pending Motions
Page 10 of 12

1. CMS's Motion to Dismiss at Docket 12 is GRANTED. Claims 1 and 3 are **DISMISSED WITHOUT PREJUDICE and with leave to amend.** Claim 2 and any claim under 18 U.S.C. § 241 is **DISMISSED WITH PREJUDICE and without leave to amend.**

2. Mr. Darden's motions and filings at Dockets 14, 17, 28-30, 35, 38, 52, and 54 are DENIED as MOOT.[40]

3. Mr. Darden has until November 20, 2023, to file one of the following:

   a. <u>Amended Complaint</u> corresponding the deficiencies in accordance with this order. An amended complaint would replace the current complaint in its entirety[41]; OR

   b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Mr. Darden no longer seeks to pursue this lawsuit and would dismiss the entire action.

---

[40] In his motion at Docket 5, Mr. Darden requests access to the federal court library. The District of Alaska does not maintain a law library open to the public. If Mr. Darden is having difficulty accessing the Ninth Circuit's satellite law library in Anchorage, the Alaska State Court Law Library is open to the public. It has a main branch in Anchorage, and individuals can access a range of state and federal legal materials on the library's public computers. Individuals can also call or email the library for assistance and more information can be found on the library's website at https://courts.alaska.gov/library/index.htm.

[41] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re All Pending Motions
Page 11 of 12

Case 3:23-cv-00153-SLG   Document 57   Filed 10/19/23   Page 11 of 12

4. If Mr. Darden does not file either an Amended Complaint or Notice of Voluntary Dismissal by November 20, 2023, this case will be DISMISSED WITH PREJUDICE without further notice to him.

DATED this 19th day of October 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE