# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DUSTIN THOMAS HOUSE DARDEN,<br><br>            Plaintiff,<br><br>      v.<br><br>CROWD MANAGEMENT SERVICES,<br><br>            Defendant. | Case No. 3:23-cv-00153-SLG |

## ORDER RE MOTION TO DISMISS

Before the Court at Docket 60 is Defendant Crowd Management Services' ("CMS") Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Dustin Thomas House Darden, responded at Docket 62, and CMS filed a reply at Docket 67. Mr. Darden requested oral argument[1] but oral argument is not necessary for the Court's determination. The Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3) because Mr. Darden asserts causes of action arising under 42 U.S.C. § 1983.

## BACKGROUND

Mr. Darden sued CMS after CMS employees allegedly confronted him at the Palmer, Alaska fairgrounds, took a bag he was holding, grabbed his arm, and

---

[1] Docket 65.

threw him to the ground.[2] CMS filed a motion to dismiss Mr. Darden's initial complaints, which the Court granted.[3] In that order, the Court accorded Mr. Darden leave to amend his complaint as to his First and Fourth Amendment claims.[4] Mr. Darden filed an amended complaint at Docket 58, after which CMS again moved to dismiss, which motion is now before the Court.

## LEGAL STANDARD

### I. Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To determine whether a complaint states a valid claim for relief, a court considers whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[6] Moreover, when granting a motion to dismiss, a court is generally

---

[2] Docket 6 at 3-4.

[3] Dockets 12, 57.

[4] Docket 57 at 7-9, 11.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 2 of 11

Case 3:23-cv-00153-SLG   Document 68   Filed 01/05/24   Page 2 of 11

required to grant the plaintiff leave to amend, unless amendment would be futile.[7] In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."[8]

**II.    42 U.S.C. § 1983**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[9] The state action requirement generally excludes recovery under Section 1983 for "merely private conduct, no matter how discriminatory or wrongful."[10]

To state that a defendant acted under color of state law, a complaint must allege facts that, if proven, would demonstrate that the defendant acted with state authority as a state actor.[11] It is generally presumed that private individuals do not

---

[7] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

[8] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

[9] *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1121 (9th Cir. 2022) (holding union for state employees not a state actor when it provided list of employees who had authorized union dues deductions from their paychecks).

[10] *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

[11] *Wright,* 48 F.4th at 1121.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 3 of 11

Case 3:23-cv-00153-SLG   Document 68   Filed 01/05/24   Page 3 of 11

act "'under color of state law" within the meaning of Section 1983.[12] When a plaintiff asserts that a private actor qualifies as a state actor under § 1983, a court looks to two requirements that the plaintiff must show that the private actor meets: (1) the state policy requirement; and (2) the state actor requirement.[13] Under the first requirement, the question is whether the claimed constitutional deprivation resulted from the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible.[14] Under the second requirement, courts generally use one of four tests outlined by the Supreme Court to examine "whether the party charged with the deprivation could be described in all fairness as a 'state actor.'"[15] Those tests are the public function test, the joint action test, the state compulsion test, and the governmental nexus test.[16] The plaintiff "bears the burden of establishing that [d]efendants were state actors."[17]

---

[12] *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted).

[13] *Wright,* 48 F.4th at 1121.

[14] *Id.* at 1121-22

[15] *Id.* at 1122 (quoting *Ohno v. Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013)).

[16] *Id.* See also *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742 (9th Cir. 2020).

[17] *Florer*, 639 F.3d at 922 (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978)).

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 4 of 11

Case 3:23-cv-00153-SLG   Document 68   Filed 01/05/24   Page 4 of 11

## DISCUSSION

CMS argues that Mr. Darden's amended complaint fails to state a claim because he has not "allege[d] any facts to suggest that the CMS employees would meet the public function, the joint action, the governmental compulsion or coercion, or governmental nexus test to be considered a state actor" as required to state a § 1983 claim.[18]

The amended complaint alleges that the "Alaska State Fair contracted CMS to provide licensed security guards" and, "[u]nder Alaska law, licensed security guards have limited police powers."[19] Mr. Darden asserts that "[b]y contracting to provide licensed security at the State Fair, CMS and its guards acted under color of state law and were authorized to exercise police powers under Alaska law."[20] As such, when the CMS employees "aggressively confronted" him, "assaulted [him] by grabbing, shoving, choking, and throwing him to the ground," and "seized his personal bag," Mr. Darden maintains that they "were acting under color of state law by exercising police-like powers beyond normal private security functions."[21]

---

[18] Docket 60 at 6.

[19] Docket 58 at 3 (citing Alaska Admin. Code tit. 13, § 60.110(b) (2023) (requiring security guards to complete training on the law of arrest and law of search and seizure)).

[20] Docket 58 at 3 (citing *Jensen v. Lane Cnty.*, 222 F.3d 570 (9th Cir. 2000); and then citing *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950 (9th Cir. 2008)).

[21] Docket 58 at 3.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 5 of 11

Case 3:23-cv-00153-SLG   Document 68   Filed 01/05/24   Page 5 of 11

Further, the amended complaint alleges that "Anchorage Police officers arrived and instructed the [CMS employees] to release [Mr. Darden], but [they] also handcuffed [him]."[22] Mr. Darden claims that the officers' involvement demonstrates "coordination" between the CMS employees and the Anchorage Police Department, which "shows joint action making [the CMS employees'] conduct attributable to the state."[23] Accordingly, Mr. Darden's amended complaint asserts that CMS is a state actor under both the public function theory and the joint action theory. The Court addresses each in turn.

### I. Public Function

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."[24] "The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental."[25]

Mr. Darden relies on Alaska Administrative Code Title 13, § 60.110(b)—which requires security guards seeking licensure to complete training on, among

---

[22] Docket 58 at 3.

[23] Docket 58 at 3 (citing *King v. Massarweh*, 782 F.2d 825 (9th Cir. 1986)).

[24] *Wright*, 48 F.4th at 1124 (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003)).

[25] *Kirtley*, 326 F.3d at 1093.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 6 of 11

Case 3:23-cv-00153-SLG   Document 68   Filed 01/05/24   Page 6 of 11

other things, the law of arrest and the law of search and seizure—to demonstrate that private security guards, such as CMS's employees, are state actors.[26] However, the state regulation Mr. Darden identifies does not authorize a private security guard to exercise the plenary police powers that are traditionally and exclusively governmental functions. Rather, under Alaska law, private citizens, including but not limited to security guards, have the limited right to effectuate a citizen's arrest in certain circumstances.[27] The state's regulation that requires security guards to be trained in the laws of arrest and search and seizure in order to obtain licensure does not convey police powers to private security guards. Mr. Darden fails to point to any state statute or regulation that otherwise delegates the traditionally and exclusively governmental police powers to security guards.[28] Accordingly, Mr. Darden's amended complaint fails to allege plausible facts that, if proven, would establish that CMS is a state actor under the public function test.[29]

---

[26] Docket 58 at 3.

[27] *See Moxie v. State*, 662 P.2d 990 (Alaska Ct. App. 1983).

[28] *See* AS § 18.65.490(2) (defining "security guard" as "a person in the business of being a private watchman, providing patrol services, or providing other services designed to prevent the theft, misappropriation, or concealment of goods, money, or valuable documents").

[29] *See Rabieh v. Paragon Sys.*, 316 F. Supp. 3d 1103, 1111 (N.D. Cal. 2018) (granting motion to dismiss complaint alleging that employees of private contractor to provide security services at government office building were state actors under public function test where complaint failed to allege that employees "were endowed with the type of plenary police power that is traditionally and exclusively governmental," made "almost no allegations regarding the scope of their power at all," and, "[a]t most, . . . suggest[ed] that the security guards had some power to detain a person on the premises, temporarily confiscate personal property . . . , and place a person in handcuffs" as "this small collection of abilities, by itself, is not exclusively governmental and, as

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 7 of 11

## II. Joint Action

"The joint action test asks 'whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.'"[30] "This requirement can be satisfied either 'by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents.'"[31] "Ultimately, joint action exists when the state has 'so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity.'"[32]

Here, the arrival of Anchorage Police Department officers, their order to CMS employees to release Mr. Darden, and their alleged subsequent handcuffing of Mr. Darden do not show a conspiracy between the officers and CMS employees. According to the amended complaint, the officers were not acting jointly with CMS employees; to the contrary, the officers opposed the course of action taken by the CMS employees, as the officers ordered the CMS employees to release Mr. Darden.

---

such, is insufficient under the public function test").

[30] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002)).

[31] *Id.*

[32] *Id.* (quoting *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989) (alteration in original)).

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 8 of 11

Case 3:23-cv-00153-SLG   Document 68   Filed 01/05/24   Page 8 of 11

Mr. Darden cites *Jensen v. Lane County*,[33] which is a Ninth Circuit case that reversed the district court's ruling on summary judgment that a doctor was not a state actor for § 1983 purposes under the "close nexus/joint action test" because there, the doctor and the county undertook "a complex and deeply intertwined process of evaluating and detaining individuals who are believed to be mentally ill and a danger to themselves or others."[34]

The circumstances here as alleged by Mr. Darden are very different. In his amended complaint, Mr. Darden vaguely alleges that CMS contracted with "Alaska" to provide security services at the Alaska State Fair.[35] And yet, as this Court previously noted, the Alaska State Fair is a non-profit corporation.[36] The amended complaint does not allege plausible facts that, if proven, would demonstrate that the State of Alaska entered into a "complex and deeply intertwined" agreement with CMS to provide security services at a fairground operated by a non-profit corporation.

---

[33] Docket 58 at 3; Docket 64 at 2. As noted above, the amended complaint alleges elsewhere that the contract was between CMS and the Alaska State Fair. *See supra*, n.19.

[34] *Jensen*, 222 F.3d at 574-75.

[35] Docket 58 at 2.

[36] Docket 57 at 5 n.23.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 9 of 11

Case 3:23-cv-00153-SLG   Document 68   Filed 01/05/24   Page 9 of 11

Mr. Darden also relies on *Villegas v. Gilroy Garlic Festival Ass'n*, another Ninth Circuit case that applied the "close nexus" test.[37] In that case, an association hosted a festival at a public park after securing a city permit.[38] The city provided the association with police officers for festival security; the city billed the festival for the cost of using the police officers for security; and the head of security for the festival was a city police officer.[39] Even with these direct links between the city, its police officers, and the festival association, the Ninth Circuit concluded that the festival association was not a state actor.[40] Here, as compared to *Villegas*, Mr. Darden's amended complaint contains far fewer facts linking the conduct of the CMS employees with any government entity. Mr. Darden only alleges that police officers arrived on the scene, told the CMS employees to release him, and, at some point, handcuffed him. Accordingly, Mr. Darden's amended complaint fails to allege facts that, if proven, would establish that CMS is a state actor under the joint action test.

In sum, Mr. Darden fails to carry his burden to allege plausible facts that the CMS employees or CMS were state actors as required for 42 U.S.C. § 1983 claims.

---

[37] Docket 58 at 3; Docket 64 at 2.

[38] 541 F.3d at 955.

[39] *Id.*

[40] *Id.* at 956.

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 10 of 11

The Court also finds that according Mr. Darden leave to file another amended complaint would be futile at this point, as it is clear that "the complaint could not be saved by any amendment."[41] Accordingly, Mr. Darden's motion for oral argument at Docket 65 is **DENIED**, CMS's Motion to Dismiss at Docket 60 is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter a final judgment accordingly.

DATED this 5th day of January 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[41] *Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2016) (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022). Further, a "district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend." *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

Case No. 3:23-cv-00153-SLG, *Darden v. Crowd Management Services*
Order re Motion to Dismiss
Page 11 of 11

Case 3:23-cv-00153-SLG   Document 68   Filed 01/05/24   Page 11 of 11